UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,         )
                                )
v.                              )        No. 3:25-CR-96-KAC-JEM
                                )
BENJAMIN ALLEN MANN,            )
                                )
              Defendant.         )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Benjamin Allen Mann's Unopposed Motion to Continue Trial and All Associated Deadlines [Doc. 10], filed on October 5, 2025.

Defendant requests the Court to continue the trial date, set for November 18, 2025, and all associated deadlines by at least six months [*Id.*]. In support of the motion, Defendant states he had his initial appearance on September 10, 2025, and the Court appointed him counsel [*Id.* ¶ 1]. The Government turned over initial discovery by its September 17, 2025 deadline, but Defendant's counsel has not had sufficient time to fully review the initial discovery with Defendant to determine whether there is any outstanding discovery [*Id.* ¶ 2]. Defendant states that pursuant to 18 U.S.C. § 3509(m), Defendant's counsel is required to review the subject-matter evidence in this case at a government facility and that this will take additional time and logistics [*Id.* ¶ 3]. Additionally, Defendant's counsel anticipates needing significant extra time to locate and retain at least two subject-matter experts for Defendant's defense and will need to work with their schedules for the review of the relevant materials [*Id.* ¶ 4]. Overall, Defendant states additional time is needed to review the discovery, consult with his counsel, and prepare for trial [*Id.* ¶ 5]. Defense counsel

also has a busy caseload, which adds to the need for additional time [*Id.* ¶ 6]. Defendant understands that the time between the filing of his motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 7]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 9].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs for more time to review discovery, retain subject-matter experts, consult with Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Benjamin Allen Mann's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 10**]. The trial of this case is reset to **May 5, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 5, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

2

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Benjamin Allen Mann's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 10**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 5, 2026, at 9:00 a.m.**, before the Honorable Katherine A Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 5, 2025**, and the new trial date of **May 5, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for pretrial motions is extended to **November 4, 2025**, and responses to motions are due on or before **November 18, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 3, 2026**;

(6) the deadline for filing motions *in limine* is **April 20, 2026**, and responses to motions *in limine* are due on or before **April 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 16, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 24, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge